IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

CHRISTINA LEONIK,

    Plaintiff,

v.

GLOBAL CREDIT & COLLECTION
CORPORATION,

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, CHRISTINA LEONIK ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Palm Beach and City of Boca Raton.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and the FCCPA.

6. Defendant, GLOBAL CREDIT & COLLECTION CORPORATION ("Defendant") or ("GLOBAL") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Defendant, via its agent and/or employee "Erin," contacted Plaintiff's employment supervisor via telephone call on November 5, 2010 @ 9:30 A.M., and at such time, disclosed the existence of the debt allegedly owed by Plaintiff absent written permission from Plaintiff to engage in such communication, and prior to Defendant having obtained a final judgment against Plaintiff.

14. Defendant requested that Plaintiff's employer provide Defendant with a fax number for the purpose of sending legal documents to Plaintiff. Plaintiff's employment supervisor refused to provide such a number, and terminated the call.

15. Defendant contacted Plaintiff's employment supervisor again on November 5, 2010 @ 9:45 A.M., and at such time, requested to speak with Plaintiff's employer's payroll department.

16. Plaintiff's supervisor again refused to permit Defendant to do so, and terminated the call.

17. Defendant, via its agent and/or employee "Erin," contacted Plaintiff via telephone call while Plaintiff was at her place of employment on November 4, 2010, and at such time, Plaintiff notified Defendant that she could not receive calls at her place of employment, and that such calls were contrary to the policies of Plaintiff's employer.

18. Despite having been so noticed, Defendant placed approximately four (4) telephone calls to Plaintiff at her place of employment on November 5, 2010, a frequency as would reasonably be expected to harass Plaintiff.

19. Defendant placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system.

20. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

22. Defendant violated 15 U.S.C. § 1692b(2) and § 1692c(b) by disclosing to a third party the existence of the debt allegedly owed by Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. 1692b(2) and § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

24. Defendant violated 15 U.S.C. § 1692b(3) and § 1692c(b) by communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. 1692b(3) and § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

26. Defendant violated 15 U.S.C. § 1692c(a)(3) by repeatedly contacting Plaintiff at her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. 1692c(a)(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

28. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

30. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT V

31. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-20 of this complaint.

32. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff.

33. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, CHRISTINA LEONIK, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Emotional and/or mental anguish damages;

    c.    Statutory damages of $1,000.00;

    d.    Plaintiff's attorneys' fees and costs;

    e.    Any other relief deemed appropriate by this Honorable Court.

## COUNT VI

34. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-20 of this complaint.

35. Defendant violated §559.72(4) of the Florida Consumer Collection Practices Act by communicating with a debtor's employer prior to obtaining final judgment and in the absence of written permission to engage in such communication.

36. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, CHRISTINA LEONIK, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Emotional and/or mental anguish damages;

    c.    Statutory damages of $1,000.00;

    d.    Plaintiff's attorneys' fees and costs;

    e.    Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 17th day of January 2011.

    Respectfully submitted,
    **CHRISTINA LEONIK**

    By: s/ Alex D. Weisberg
    ALEX D. WEISBERG
    FBN: 0566551
    WEISBERG & MEYERS, LLC
    ATTORNEYS FOR PLAINTIFF
    5722 S. Flamingo Rd, Ste. 656
    Cooper City, FL 33330
    (954) 212-2184
    (866) 577-0963 fax
    aweisberg@attorneysforconsumers.com